UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE                                                                         Chapter 13

Rodney Headly                                                        Case No. 11-12542(SHL)
Joycelyn Headley,

Debtor(s)

## STIPULATION  AND ORDER APPROVING MORTGAGE LOAN MODIFICATION

**WHEREAS**, the Debtors filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code on or about May 26, 2011; and

**WHEREAS**, on or about December 28, 1995 the Debtors executed a promissory note in favor of Fleet Mortgage Corp. ("Fleet") for repayment of a loan in the amount of $195,000 (the "Note"); and

**WHEREAS**, to secure the repayment of the Note, the Debtor granted Fleet a security interest in the real property commonly known as 470 East 141st Street, Bronx, NY 10454 ("the Property")("Mortgage") (Note and Mortgage collectively as "Loan"); and

**WHEREAS**, as indicated by proof of claim number 3 in this case's claim register, Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo") is a creditor in connection with the Loan; and

**WHEREAS,** on July 16, 2012, the Court entered an order granting the Debtor's loss mitigation request with respect to Wells Fargo and the Property; and

**WHEREAS**, Wells Fargo has extended to the Debtor a Fannie Mae trial modification plan that provides for three trial payments (the "Trial Plan"), a copy of which is attached hereto has Exhibit A; and

**And after due deliberation and sufficient consideration it is hereby:**

**STIPULATED**, that the Trial Plan, a copy of which is attached hereto as Exhibit A, is approved by this Court and all interested parties are hereby authorized to take all appropriate steps to finalize, implement, and give effect to the Trial Plan, including any permanent modification that results from completion of the Trial Plan which shall be deemed approved by this Court without any further notice or application, provided however, that such modification agreement includes materially the same terms as in the Trial Plan; and it is further

**STIPULATED**, that under the circumstances, the Trial Plan is fair and reasonable to all interested parties; and it is further

**STIPULATED**, that the parties understand that this Stipulation and Order in no way imposes on Wells Fargo or it agents, successor, and assigns any additional obligations separate from those found in applicable law and rules and regulations pertaining to the Trial Plan, and specifically, this Stipulation and Order shall in no way be construed as an independent basis to require Wells Fargo to offer the Debtor a permanent modification.

Dated:

/s/ Eloy A. Peral

Eloy A. Peral, Esq
Shapiro, DiCaro & Barak LLC
Attorneys Wells Fargo Bank, N.A.

/s/ Richard D. Lamborn

Richard D. Lamborn, Esq.
Attorney for Debtors

Dated: October 18, 2013
New York, New York

So-Ordered:

/s/ Sean H. Lane
U.S. Bankruptcy Judge